No. 4854.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF EDMOND RAPIDES.

P. F. Hennessey for succession and appellee.

W. R. Ker for appellant.

DUFOUR, J.—Edmond Rapides died in this city in 1907, leaving a will instituting his wife, Clara Coleman, his universal legatee; the will was probated and she was confirmed as testamentary executrix.

Shortly afterwards, one Marie Artie, claiming to be the lawful wife of Edmond Rapides, filed proceedings to have the will annulled.

Certain collateral heirs intervened, as did, also, Edmond Rapides, Jr., who claimed to be the child of the deceased by a slave marriage with one Sarah Jackson, and asked that he and Crockett Rapides, son of Clara Coleman and Edmond Rapides, be recognized as forced heirs of their father.

There was an attempt made by Marie Artie to claim the homestead right as a widow in necessitous circumstances; this was properly excluded by the Judge as not put at issue by the pleadings.

From a judgment reducing the disposition of the will in favor of Clara Coleman to one-half of the property and awarding one-fourth to Crockett Rapides and one-fourth to Edmond Rapides, Jr., Marie Artie alone has appealed.

The property described in the will was purchased by the testator in 1869 and was separate property.

The record clearly shows that Rapides and Sarah Jackson contracted a slave marriage before the war; that they continued to cohabit for some years after emancipation and until Sarah died.

Edmond was their child, and, under established jurisprudence, is the legitimate offspring and forced heir of his father.

### 25 An. 617; 34 An. 860.

As such, he would be entitled to his father's paraphernal property to the exclusion of Marie Artie, who claims to have married Rapides in 1878, but who, as **wife**, had no right thereto.

Her claim as **widow** in necessitous circumstances cannot be considered; her application for the same was filed on March 15, 1909, five days after the case had been submitted and taken under advisement.

We do not find it necessary to inquire whether or not Marie Artie was married to Rapides in 1878.

This may, **arguendo**, be conceded without altering the result.

It is our deliberate conclusion that, if such marriage did take place, Clara Coleman was ignorant of the fact, and that she married Rapides in good faith.

In 1884, there was a marriage ceremony between them and, from that moment to the day of his death, they lived as man and wife, undisturbed by any intrusion or intereference.

In health she ministered to his comforts, and in sickness she nursed him; she looked after his property and redeemed it, whenever sold for taxes.

Such marriage produced its civil effects both as to her and her son, Crockett, who was acknowledged by his father and recognized by his half brother and co-heir.

His legitimacy cannot now be questioned by the appellant, who has no legal claim to the separate property of her alleged husband.

We have been somewhat guided by the conclusions of the District Judge, who states that "he saw the witnesses and accepted the version given by Clara Coleman * * * so that there is nothing to impugn her good faith," and who evidently laid little stress on the claim of one who remembered her wifehood only after her husband's succession had been opened.

We find no error in the judgment amending the disposition of the will by giving one-fourth of the property to each of two forced heirs, and the disposable half to the legatee who, as at least a putative wife, was entitled to receive it from a testator who had the right to bequeath it.

Judgment affirmed.

January 10, 1910.

Rehearing refused January 24, 1910.